UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NATHANIEL ROBERTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN VALLEY STATE PRISON, *et al.*,<br><br>　　　　　Defendants. | Case No.: 1:24-cv-01201 JLT EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PAY FILING FEE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 5) |

　　　　David Nathaniel Roberts seeks to hold the defendants liable for violations of his civil rights while incarcerated at Kern Valley State Prison and Corcoran State Prison. (*See generally* Doc. 1.) Plaintiff did not pay the filing fee when he filed the complaint. Therefore, the Court ordered Plaintiff to either pay the filing fee or apply to proceed *in forma pauperis*. (Doc. 3 at 1.) Despite the Court's warning that failure to comply with the order would result in dismissal (*id*.), Plaintiff failed to pay the fee or file an application to proceed *in forma pauperis*. Therefore, the magistrate judge found the matter cannot proceed at this time and recommended the Court dismiss the action "without prejudice, for Plaintiff's failure to pay the filing fee pursuant to 28 U.S.C. § 1914 or to file an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915." (Doc. 5 at 2.)

　　　　The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 14 days. (Doc. 8 at 2.) The Court advised him that the "failure to

file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

In finding dismissal is appropriate for the failure to comply with the Court's order and failure to pay the filing fee, the Court also considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  Because Plaintiff delayed the action though his failure to obey the Court's order, the third factor also supports dismissal. Further, the Court warned that "[f]ailure to comply with [the] order will result in dismissal of this action." (Doc. 3 at 1, emphasis omitted), and the Court need only warn a party once that the matter could be dismissed to satisfy the requirement of considering alternative sanctions.  *Ferdik*, 963 F.2d at 1262.  Thus, the *Henderson* factors weigh in favor of dismissal for Plaintiff's failure to pay the filing fee as ordered. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors").

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated December 9, 2024 (Doc. 5) are **ADOPTED** in full.

2

2. This action is **DISMISSED** without prejudice.

3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **January 22, 2025**

UNITED STATES DISTRICT JUDGE

3